PER CURIAM.
This disciplinary proceeding by The Florida Bar against John W. Tarrant, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to article XI, Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
A. Respondent is (albeit suspended from the practice of law by order of the Supreme Court of Florida dated February 10, 1983 entered pursuant to petition of The Florida Bar under article XI, Rule 11.10(6) of the Integration Rule) and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
B. On or about July 8, 1982, respondent, representing one Ann McIntosh (hereinafter referred to as “McIntosh”) upon her purchase of a Palm Beach, Florida condominium unit, prepared a closing statement reciting a net balance of $329,-507.25 due from McIntosh upon title closing.
C. On the same date, McIntosh issued a cashier’s cheek to respondent in the *1200 said sum of $329,507.25 which respondent received and deposited to his Sun First National Bank trust account # 4952011385.
D. Upon the title closing on July 9, 1982, the seller credited McIntosh with $1,517.50 consisting of the seller’s obligation to provide a recording fee of $10.00 for a certain tax release and $1,507.50 in documentary stamps thereby reducing a net payment to the seller by $1,517.50.
E. Respondent paid the net, adjusted purchase price to the seller but failed and refused to record the deed to McIntosh nor acquire documentary stamps therefore retaining the $1,517.50 aforesaid, removing such sum from his trust account and appropriating the same for his own use and/or for other purposes.
F. As a result of respondent’s actions McIntosh was compelled to part with an additional $1,517.50 in order to record her deed.
G. On March 15, 1982 and June 9, 1982 one George M.J. Meller, a former client of respondent, entrusted to respondent, a total of $3,489.00 to be used for the purpose of paying expenses relating to Meller’s ownership of a Florida condominium.
H. Respondent deposited the said $3,489.00 to his Gulfstream Bank trust account # 101-7-52085-9 and thereafter removed $1,618.25 of such proceeds from such trust account and appropriated the same for his own use and/or other purposes.
I. Some time during late 1980 or early 1981 respondent, accepting a retainer of between $200.00 — $300.00, undertook representation of one Betty Carlson in connection with the administration of her deceased husband’s estate.
J. Thereafter, respondent took no action regarding the administration of Mr. Carlson’s estate, failed to communicate in any fashion to Mrs. Carlson, failed and refused to respond to numerous inquiries by Mrs. Carlson regarding the matter and eventually abandoned his law practice without having taken any action on behalf of Mrs. Carlson or notifying her of his leaving or destination.
The referee recommends that respondent be found guilty of violating article XI, Rule 11.02(4) of the Integration Rule of The Florida and Disciplinary Rules 1-102(A)(4), 9-102, 6-101(A)(3) and 7-101(A) of the Code of Professional Responsibility and recommends that respondent be disbarred from the practice of law in the State of Florida.
Having carefully reviewed the record, we approve the findings and recommendation of the referee.
Accordingly, respondent, John W. Tar-rant, is hereby disbarred from the practice of law in the State of Florida effective immediately.
Judgment for costs in the amount of $698.75 is hereby entered against respondent, for which let execution issue.
It is so ordered.
ADKINS, Acting C. J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.